Opinion issued March 18, 2004























In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00736-CR
____________
 
ERIC JIMENEZ OCHOA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 85th District Court
Brazos County, Texas
Trial Court Cause No. 03-00019-CRF-85
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Eric Jimenez Ochoa, guilty of burglary of a building



and, after finding true the allegations in two enhancement paragraphs that appellant
had two prior felony convictions, assessed his punishment at confinement for 17 years
and a fine of $1,440. In his sole point of error, appellant contends that the evidence
was legally and factually insufficient to support his conviction. We affirm.
Facts
          Billy Plagens testified that, at approximately 11:00 p.m. on November 11,
2002, while he was standing in the kitchen of his sister’s house in Bryan, Texas, he
heard a loud noise. When Plagens went outside with his nephew to investigate, he
saw appellant inside a building located across the street. Two businesses operated
inside this building, Eddie’s Paint and Body Shop and Alamo Select Cars, and
appellant was in the portion of the building occupied by Alamo Select Cars. At this
point, Plagens told his nephew to go inside the house and call for emergency
assistance.
          Plagens subsequently saw appellant leave the building and “jump” into a
pickup truck parked in front of the building. Plagens continued to watch appellant
while he waited for emergency assistance to arrive.
          Bryan Police Officer C. Amaya testified that he was dispatched to investigate
a potential burglary. When he arrived, Amaya saw that Eddie’s Paint and Body Shop
was closed. Thereafter, Plagens approached Amaya and told him that appellant was
in the pickup truck. Amaya walked over to the pickup truck, saw appellant inside
“laying down with his hands underneath the dashboard,” and told him to get out of
the truck. Appellant got out, but then started to run away. Plagens moved to block
appellant’s path, and Amaya arrested appellant.
          Eddie Rodriguez, the owner of the building, testified that, in November 2002,
his building was not open to the public between the hours of 6:00 p.m. and 8:00 a.m.
and he did not give appellant permission to enter his building. Robert Cortez,
Rodriguez’s “body man,” was responsible for locking the building at the end of the
day. While Rodriguez was not sure at what time Cortez had locked the building on
the day in question, he did not recall his business ever being open at 11:00 p.m.
Sufficiency of the Evidence
          In his sole point of error, appellant argues that the evidence was legally and
factually insufficient to support his conviction because the State failed to prove that
“[he] entered the building when it was closed to the public.”
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact-finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all
evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact-finder. Id.
          We review the factual sufficiency of the evidence by examining all of the
evidence neutrally and asking whether the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or whether the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).
          A person commits the offense of burglary of a building if, without the effective
consent of the owner, the person enters “a building (or any portion of a building) not
then open to the public, with intent to commit a felony, theft, or an assault.” Tex.
Pen. Code Ann. § 30.02(a)(1) (Vernon 2003) (emphasis added).
          In regard to his legal sufficiency challenge, appellant asserts that the State
failed to prove that he entered the building when it was closed to the public because
(1) Cortez was responsible for closing Rodriguez’s business, (2) Rodriguez could not
be sure at what time Cortez had closed his business on the day in question, and (3) the
State failed to call Cortez to testify.
          However, Rodriguez testified that, in November 2002, his building was not
open to the public at the time that Plagens saw appellant inside it, and Rodriguez did
not recall his business ever being open at 11:00 p.m. Moreover, Officer Amaya
testified that, when he arrived at Rodriguez’s building, he saw that Eddie’s Paint and
Body Shop was closed. Considering this evidence, a rational fact-finder could have
found, beyond a reasonable doubt, that appellant entered the building when it was not
then open to the public, and we hold that the evidence was legally sufficient to
support appellant’s conviction.
          In regard to his factual sufficiency challenge, appellant merely reiterates the
same arguments advanced under his legal sufficiency challenge. However, as the
exclusive judges of the facts, the credibility of the witnesses, and the weight to be
given their testimony, the jury was free to believe or disbelieve all or any part of
Rodriguez’s and Officer Amaya’s testimony concerning whether the building was
open to the public. McKinny v. State, 76 S.W.3d 463, 468-69 (Tex. App.—Houston
[1st Dist.] 2002, no pet.). Our review of the record reveals that no other evidence
outweighed Rodriguez’s or Amaya’s testimony or otherwise demonstrated that the
proof of guilt was so obviously weak as to undermine confidence in the jury’s
determination. Accordingly, we hold that the evidence was factually sufficient to
support a finding that appellant entered the building when it was not then open to the
public.
          We overrule appellant’s sole point of error.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).